# Third District Court of Appeal

## State of Florida

Opinion filed December 15, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0796
Lower Tribunal No. 21-1719 CC
_____

**Ashbil D. Gill, et al.,**
Appellants,

vs.

**Alexander Parvez, et al.,**
Appellees.

An Appeal from the County Court for Miami-Dade County, Patricia Marino Pedraza, Judge.

Ashbil D. Gill, in proper person.

No appearance, for appellees.

Before SCALES, GORDO and BOKOR, JJ.

BOKOR, J.

Ashbill Gill and Erma Jacov ("the Gills") appeal the entry of a default final judgment entered against them in an eviction action. Additionally, the Gills contend that the trial court erred in granting landlord Alexander Parvez's motion to strike the answer for failure to pay rent into the registry. Upon review of the record on appeal, we find no error with the trial court's granting of the motion to strike, entry of default, or default final judgment.

Parvez filed a complaint against the Gills, seeking eviction. See § 83.59(2), Fla. Stat. (2020) ("A landlord, the landlord's attorney, or the landlord's agent, applying for the removal of a tenant, shall file in the county court of the county where the premises are situated a complaint describing the dwelling unit and stating the facts that authorize its recovery."). The complaint alleged violations of the terms of the lease agreement as well as specifically alleging violations of the rules and regulations of the association, including allegations of "Ashbill Gill, Defendant, destroying a tree in the common area, [and] yelling profanity at a neighbor." However, there was no claim for nonpayment of rent. To the contrary, the complaint explained that "[r]ent is not a factor."

The Gills answered the complaint, claiming that they were entitled to a cure period.[1] Parvez moved to strike the answer and for a default, claiming that the Gills had neither paid the requested rent into the court registry nor moved for a determination of rent to be paid. The trial court granted the motion, and the Gills timely appealed.

The relevant statute explains that in a possession action by a landlord, "if the tenant interposes any defense other than payment, including, but not limited to, the defense of a defective 3-day notice, the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent that accrues during the pendency of the proceeding, when due." § 83.60(2), Fla. Stat. (2020).

While rent was "not a factor" in Parvez's seeking eviction, the relevant statutory scheme still requires payment of rent as it becomes due, or promptly seeking a determination of rent due from the trial court. Failure to comply "constitutes an absolute waiver of the tenant's defenses other than

---

[1] Section 83.56(2)(a), Fla. Stat. (2020), explains that when a tenant fails to comply with material provisions of their rental agreement, "[i]f such noncompliance is of a nature that the tenant should not be given an opportunity to cure it or if the noncompliance constitutes a subsequent or continuing noncompliance within 12 months of a written warning by the landlord of a similar violation," the landlord may "deliver a written notice to the tenant specifying the noncompliance and the landlord's intent to terminate the rental agreement by reason thereof." The notice here appears to seek eviction based on noncompliance without an opportunity to cure.

payment, and the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon." Id. The record contains no claim of payment by the Gills. Therefore, without more, we conclude that the striking of pleadings and entry of default and default final judgment complied with the statutory scheme.

Affirmed.